785 F.2d 308
 40 Fair Empl.Prac.Cas. 1320
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GWENDOLYN E. JONES, Plaintiff-Appellant,
v.
THE CONTINENTAL CORP., THE CONTINENTAL INSURANCE CO.; BUD
MEULEMANS, NASHVILLE, DISTRICT MANAGER; PAULETTE
WINSETT; TOMMY FARMER; CAROL BROWN;
DANNY REED; and PEGGY TAYLOR,
Defendants-Appellees.
 84-5658
 United States Court of Appeals, Sixth Circuit.
 1/27/86
 
 BEFORE: KRUPANSKY and MILBURN, Circuit judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Gwendolyn E. Jones, plaintiff in the lower court, appealed the district court's judgment for defendants following a bench trial in this action alleging racial discrimination under Title VII and 42 U.S.C. Sec. 1981. Appellant asserted two claims in the district court: (1) that defendants discriminated against her in training opportunities and promotions; and (2) that defendants discharged her and took other action against her in retaliation for her filing of discrimination charges. On appeal, appellant charged that the district court's conclusions to the contrary were clearly erroneous. Appellant also argued that the district court improperly dismissed the Continental Corporation, the parent company of the Continental Insurance Company, as a defendant in the suit.
 
 
 2
 Appellant was employed by defendant Continental Insurance Company in its Nashville office from May 1977 through August 1983. She initially held the position of rate and code clerk. She was promoted to senior rate and code clerk in August 1978, to underwriter trainee in August 1979, to associate underwriter in November 1980, and to underwriter in May 1981.
 
 
 3
 Upon commencement of trial of this cause, plaintiff presented evidence in support of her initial charges of discrimination concerning training opportunities and promotion. The district court at the conclusion of plaintiff's proof found that she had demonstrated a prima facie case of discrimination only as to her claim arising out of the transfer of a white, female employee, Carol Brown (Brown), from defendant Continental Insurance Company's San Francisco office to its Nashville office into a position as plaintiff's supervisor. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The trial court thereupon recessed the trial to a date certain to entertain the defendants' response to the discriminatory promotion charge. During the protracted recess of several months, the district court permitted plaintiff to amend her complaint to incorporate charges of retaliatory conduct including her discharge which allegedly occurred during the recess of the proceedings.
 
 
 4
 Upon resumption of the trial, defendants initially presented evidence of the company's nondiscriminatory reasons underlying the transfer of Brown to Nashville. Defendants' evidence disclosed that Brown had decided to return to the Nashville region of the country for personal reasons irrespective of continued employment with Continental. Because of her exceptional capabilities, Continental exercised its business judgment to offer her an opportunity to transfer to its Nashville office in the same position of a supervising underwriter that she occupied in San Francisco in lieu of losing her to a competing company. The evidence further disclosed that Brown's credentials were superior to those of plaintiff as reflected in Brown's educational background, longer tenure with Continental, and superior performance, which was manifested by her subsequent placement over two male supervisors following a later reorganization. Moreover, the employee-initiated interoffice transfer mechanism represented standard operating procedure with Continental and had been utilized by at least three black female employees who transferred from the Nashville office to other company ffices. Subsequent to the defendants' proof, plaintiff testified in rebuttal to essentially the same facts that she had initially testified to in her case-in-chief.
 
 
 5
 At the conclusion of all of the evidence related to the discriminatory promotion charge, the trial court directed the parties to proceed with the presentation of evidence bearing upon the claims of alleged retaliatory conduct and discharge as joined by the amended complaint. Plaintiff, in addition to evidence as to the charge of retaliatory termination, testified to four alleged instances of retaliatory conduct by defendants, which included: (1) a reprimand for allegedly examining an Amway products catalogue during working hours; (2) a reprimand for training another employee after being instructed not to do so; (3) assignment to inadequately lighted and unfavorable office space; and (4) exposure to a working environment in which company managers engaged in profanity.[1] Responding to plaintiff's retaliatory conduct and discharge claims, defendants presented proof that plaintiff's termination resulted from an offensive letter that she had written to Continental's major client wherein she admonished: 'May we continue to work together on a professional basis and curtail some of the hate and prejudices of our business relationship.' Upon plaintiff's inability to support her vitriolic statements and the client's request to have its account assigned to another underwriter, defendants terminated plaintiff. Plaintiff failed to adduce convincing credible evidence to rebut the nondiscriminatory reasons advanced by defendants on all counts.
 
 
 6
 The district court in its written memorandum issued in support of its subsequent judgment in favor of the defendants concluded that plaintiff had failed to introduce sufficient evidence to support her charges of discriminatory advancement, retaliatory conduct, and retaliatory discharge. The trial court found that plaintiff's termination was 'totally justified' and not the product of racial animus, that there was no merit in her contentions of retaliatory conduct, and that plaintiff had not proved a discriminatory intent on the part of defendants nor disparate treatment of plaintiff with respect to the Brown transfer. See Taxes Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).
 
 
 7
 This court, upon a review of the entire record, concludes that the district court did not commit clear error in its disposition of plaintiff's causes of action.
 
 
 8
 Finally, this court finds no impropriety in the trial court's dismissal of the Continental Corporation, the parent company of plaintiff's immediate employer, the Continental Insurance Company, as a defendant in this suit. See Armbruster v. Quinn, 711 F.2d 1332 (6th Cir. 1982).
 
 
 9
 Accordingly, having considered the briefs and arguments of the parties, the entered opinion of the district court is hereby adopted and the judgment for defendants is AFFIRMED.
 
 
 
 [1]
 The district court reserved judgment on defendants' subsequent motion for dismissal of the claims of retaliatory conduct and discharge interposed at the close of plaintiff's proof and directed defendants to put on their evidence with respect to the retaliation issues raised by plaintiff in her amended complaint